NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TARA ROBISON,　　　　Plaintiff-Appellant,　　v.　　ANDREW M. SAUL, Commissioner of Social Security,　　　　Defendant-Appellee. | No.　18-35067　D.C. No. 1:17-cv-03030-JTR　MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
John Tyler Rodgers, Magistrate Judge, Presiding

Submitted September 6, 2019**

Before:　FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Tara Robison appeals the district court's affirmance of the Commissioner of

Social Security's denial of her application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

(Act). We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided multiple specific, clear and convincing reasons supported by substantial evidence for discounting Robison's testimony as to the cause and severity of her symptoms. We note in particular Robison's materially inconsistent and unconvincing statements regarding the source of her alleged condition. In 2011, she ascribed the cause of her symptoms to "antibiotics" with no mention of exposure in 2010 to mold in her school. Then, in 2013 she claimed to Dr. Kimball, a physician in an occupational and environmental clinic, that her condition was indeed caused in 2010 by mold in her school, even though she told Nancy Beaudet, an industrial hygienist in Dr. Kimball's office, that she had been informed in 2012 that the tests performed for mold in her school were "negative". Although Dr. Kimball asked her to attempt to procure "exposure documents" from her school, no documents were ever produced. Furthermore, Dr. Kimball's report says that "[w]e have signed a document indicating that the patient would be able to perform a sedentary job at this point, but that she should avoid exposure to molds."

Moreover, although Dr. Kimball told her she needed to have a pulmonary function test to attempt to develop some objective medical evidence to support her claims, she decided – in her own words – "that I did not need the test".

18-35067

Accordingly, the ALJ provided specific and legitimate reasons that are supported by substantial evidence to assign little weight to the opinions of other medical doctors, opinions based largely on Robison's unsubstantiated subjective complaints.

The ALJ also provided clear and convincing reasons to assign little weight to "other source" opinions from Robison's naturopath and chiropractor and to lay witness evidence from several friends, colleagues, and family members.

The ALJ provided germane reasons to reject the wholly unsupported opinion of Richard Forish, a nutritional consultant, she referred to as a "doctor." He is not. Forish never physically examined Robison. Based on their email communications, he simply sold her expensive supplements purportedly for mold exposure.

The ALJ also provided a germane reason to reject that portion of Jodi Wilson's conclusory statement describing Robison's daily energy level because Wilson, who lives in Texas, had not observed Robison on a daily basis.

**AFFIRMED.**